# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**DARRELL SCOTT BERG,**

                    **Plaintiff,**                  **1:05-CV-1289**
                                                               **(GLS\DRH)**

**v.**

**YELLOW TRANSPORTATION, INC.**

                    **Defendant.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

DARRELL SCOTT BERG
Plaintiff, *Pro Se*
32 Sherman Road
Milton, New York 12547

**FOR THE DEFENDANT:**

HODGSON, RUSS LAW FIRM      CHRISTIAN J. SOLLER, ESQ.
677 Broadway, Suite 301
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Darrell Scott Berg brings this suit alleging improper

withholding of (1) federal taxes, (2) New York State taxes, and (3) amounts to satisfy a levy for past unpaid taxes.  Defendant Yellow Transportation, Inc., moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), claiming that Berg's claims are barred by the Internal Revenue Code (IRC) and New York Tax Law.  In addition, Yellow contends that sanctions should be imposed on Berg.  Berg moves for remand to state court pursuant to 28 U.S.C. § 1447 (2005).  For the reasons that follow, the court reserves on the sanction issue, Yellow's motion for judgment on the pleadings is **GRANTED**, and Berg's motion for remand is **DENIED**.

## II.  Procedural History

On September 8, 2005, Berg filed a complaint in the Supreme Court of New York, Ulster County, alleging, *inter alia*, that Yellow wrongfully withheld Federal Income Tax, Medicare Tax, Social Security Tax, New York Withholding Tax, and an amount labeled "Garnish/CS" in satisfaction of a tax levy by the Internal Revenue Service.  *See Not. of Removal, Ex. A, Pl. Compl., pp. 2-5; Dkt. No. 1.*  On October 11, 2005, Yellow removed the action based on federal question jurisdiction.  *Id.*  The case was removed pursuant to 29 U.S.C. § 1441 (2005), and Yellow filed an answer on

2

October 14.  *See Dkt. No. 3.*  The subject motions followed.

## III.  Facts

From August 27, 1999 to the present, Berg was continuously employed by Yellow Transportation, Inc., on a weekly basis.  *Pl. Compl. ¶ 6; Dkt. No. 1.*  During that time, Yellow paid earnings to Berg on a weekly basis.  *Id. ¶ 8.*  Also during that time, Yellow made deductions from Berg's earnings on a weekly basis.  *Id. ¶ 9.*  Among those deductions were Federal Income Tax, Medicare Tax, Social Security Tax, New York Withholding Tax, and an amount labeled "Garnish/CS" in satisfaction of a tax levy by the Internal Revenue Service.  *Id. ¶¶ 10-24.*

## IV.  Analysis

### A.  Motion for Judgment on the Pleadings Standard

In deciding a Rule 12(c) motion for judgment on the pleadings, the court applies the same standard as is used in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360, 363 (2d Cir. 2005).  Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if

3

"it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Phelps v. Kapnolas*, 308 F.3d 180,184 (2d Cir. 2002) (citation omitted).  The court's task "in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Levitt v. Bear, Stearns & Co.*, 340 F.3d 94, 101 (2d Cir. 2003) (citation and internal quotation marks omitted). Therefore, in reviewing a motion to dismiss, a "court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Phelps*, 308 F.3d at 184 (citations omitted).

**B.     Berg's Motion for Remand**

As an initial matter, before addressing Yellow's substantive arguments, the court must consider whether it has appropriate federal question jurisdiction over Berg's claims.  Berg contends that it does not.

28 U.S.C. § 1447(c) (2005) authorizes a remand "on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction."  *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994).  "On a motion to remand, the party

4

seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.... Unless that burden is met, the case must be remanded back to state court." *Id.*

"The basic rules for the removal of cases from state court to federal court are well settled. An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." *Id.* A basis for jurisdiction exists absent diversity jurisdiction if the claims arise under federal law. *Id.* "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

"A case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law."

5

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Thus, federal jurisdiction exists over [the] dispute only if federal common law governs ... [the] claims." *Empire Healthchoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005).

Here, Berg maintains that his complaint does not contain any federal claims. As Yellow points out, and the court agrees, Berg's claims for improper federal tax withholding are governed by the relevant provisions of the Internal Revenue Code, a body of federal law. Thus, it is clear that Berg's claims arise under federal law for the purposes of federal question jurisdiction. The court also has supplemental jurisdiction over Berg's State law claims pursuant to 28 U.S.C. § 1367 (2005). Accordingly, Berg's motion to remand is denied.

**C.   Yellow's Motion for Judgment on the Pleadings**

Berg's claims for improper withholding of federal income tax, Medicare tax, Social Security tax, and New York State withholding are statutorily barred by relevant provisions of the IRC and New York Tax law. Yellow claims it had a legal duty to act in the very way that Berg claims to be improper.

26 U.S.C. § 3402(a) (2005) provides in relevant part:

6

> "...[E]very employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary."
>
> NY CLS Tax § 671 (2005) reads:
>
> "Every employer maintaining an office or transacting business within this state and making payment of any wages taxable under this article shall deduct and withhold from such wages for each payroll period a tax computed in such manner as to result, so far as practicable, in withholding from the employee's wages during each calendar year an amount substantially equivalent to the tax reasonably estimated to be due under this article resulting from the inclusion in the employee's New York adjusted gross income or New York source income of his wages received during such calendar year."

On the face of the complaint, Berg claims monetary damages for all amounts withheld by Yellow. He does not claim an exemption or that Yellow incorrectly or negligently computed the amounts withheld from his paychecks.

This case is similar to *Kupcho v. United States Agent Roger Steele* which held that a claim for damages and injunctive relief against defendants based solely on the fact that tax withholdings were made was frivolous. *Kupcho v. United States Agent Roger Steele*, 651 F.Supp. 797, 800 (S.D.N.Y. 1986). The *Kupcho* court further explained that the defendants were required by law to withhold income taxes. Likewise,

7

Yellow cannot be held liable for doing what they were legally required to do. Accordingly, Berg's claims for improper tax withholding fail as a matter of law.

Moreover, Berg's claim for injunctive relief is barred by the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a) (2005). The Anti-Injunction Act provides, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." *Id.* § 7421. This provision bars suits by an employee attempting to enjoin the employer from withholding taxes. Accordingly, Berg's claim for injunctive relief fails as a matter of law.

Berg's claim that Yellow improperly withheld an amount entitled "Garnish/CS" is also legally unsound. Yellow maintains that it was required by law to withhold this amount in order to satisfy a tax levy by the IRS for prior unpaid taxes. 26 U.S.C.S. § 6321 (2005) reads in part:

> "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

8

In response to Yellow's contention that it was legally required to withhold the "Garnish/CS" amount, Berg contends that wage levies are only applicable to certain federal personnel as defined in 26 U.S.C. § 6331 (2005).[1]

The court is unpersuaded by this argument.  While that provision includes federal employees within the group of people subject to federal wage levies, it does not limit the levy to property solely owned by federal employees.  Yellow was required by law to withhold the amount entitled "Garnish/CS" because a tax levy existed.  Section 26 U.S.C. § 6332(d)(1) (2005) explains that,

> "Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but

---

[1] 26 U.S.C. § 6331 (2005) provides in relevant part:

> "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.  Levy *may* be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of Levy upon the employer."

*Id.* (emphasis added).

9

>   not exceeding the amount of taxes for the collection of which such levy has been made..."

Therefore, according to the statute, Yellow would have been penalized for failing to comply with the tax levy on Berg's property.  As articulated, a person or entity cannot be held liable for doing what he was legally required to do.  Yellow was complying with a tax levy imposed on Berg's property for unpaid taxes.  Accordingly, Yellow's motion for judgment on the pleadings is granted and Berg's complaint is dismissed.

**D.   Sanctions**

Yellow requests that the court impose sanctions on Berg for asserting frivolous claims and wasting Yellow's and the court's time and resources. Berg failed to respond to Yellow's request.  Berg must set forth the good faith basis for his lawsuit.  FED. R. CIV. P. 11.  Accordingly, the court reserves decision on this issue.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Yellow's motion for judgment on the pleadings is **GRANTED**, and it is further

**ORDERED** that Berg's motion for remand is **DENIED**, and it is further

**ORDERED** that Berg file an affidavit pursuant to Rule 11 of the

Federal Rules of Civil Procedure setting forth the good faith legal and factual basis for his complaint within fifteen (15) days from the filing of this order, and it is further

**ORDERED** that Yellow may reply to Berg's affidavit within fifteen (15) days of filing, and it is further

**ORDERED** that the court reserves decision on Yellow's sanction motion pending further submissions of the parties, and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

March 3, 2006
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge