**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DARRELL SCOTT BERG,**

                **Plaintiff,**              **1:05-CV-1289**
                                                **(GLS\DRH)**
    **v.**

**YELLOW TRANSPORTATION, INC.,**

                **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

DARRELL SCOTT BERG
Plaintiff, *Pro Se*
32 Sherman Road
Milton, New York 12547

**FOR THE DEFENDANT:**

HODGSON, RUSS LAW FIRM        CHRISTIAN J. SOLLER, ESQ.
677 Broadway, Suite 301
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## Order

On March 3, 2006, the court granted Yellow's motion for judgment on

the pleadings and dismissed Berg's complaint in its entirety.  *See Dkt. No.*

*14.* Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the court ordered Berg to file an affidavit setting forth the good faith legal and factual basis for his complaint. *See id.* Finding no good faith basis for Berg's complaint, the court subsequently entertained Yellow's application for attorneys' fees.[1] *See Dkt. No. 18.* Yellow's motion, presently before the court, is now fully briefed.[2]

The court has considered Yellow's request, the relevant law, and the equitable considerations, as outlined in Yellow's motion papers.[3] *See Dkt. Nos. 19.* The court does not concur with Yellow's contention that it is entitled to an amount exceeding $18,000.00 for its defense. Moreover, the imposition of sanctions and "the determination of the amount of the

---

[1] Federal Rule of Civil Procedure 11 provides, in relevant part:

[a] sanction imposed for violation of [Rule 11] shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. The sanction may consist of, or include...if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation[.]...

FED. R. CIV. P. 11(c)(2).

[2] On July 14, 2006, the court granted Berg a fourteen-day extension of time to respond to Yellow's motion for attorney's fees. *See Dkt. No. 20.* Despite the passage of fourteen days, Berg has failed to respond to Yellow's motion. *See id.*

[3] The court disagrees with Yellow's contention that it is entitled to an amount far exceeding the "lodestar" rates because the "lodestar" method is inapplicable to fee awards under Rule 11. Instead, a party seeking sanctions under Rule 11 is entitled to what is reasonable under the circumstances. *See* FED. R. CIV. P. 11.

2

sanction is left to the court's discretion." *Kirschner v. Zoning Bd. of Appeals*, 159 F.R.D. 391, 395 (E.D.N.Y. 1995). The court finds that $10,000.00 is a reasonable amount in a case such as this defended by a motion to dismiss. Accordingly, and for the reasons stated, Yellow's motion for attorneys' fees and costs is **GRANTED** for a TOTAL AMOUNT OF $10,000.00 to be apportioned as Yellow deems appropriate.

**WHEREFORE**, it is hereby

**ORDERED** that the motion for attorneys' fees is **GRANTED** in the amount of $10,000.00 to be apportioned as Yellow deems appropriate; and it is further

**ORDERED** that the clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

September 25, 2006
Albany, New York

*Gary L. Sharpe*
U.S. District Judge