**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DARRELL SCOTT BERG,**

                *Plaintiff,*                **1:05-CV-1289
                                                (GLS\DRH)**

    v.

**YELLOW TRANSPORTATION, INC.,**

                *Defendant.*
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

DARRELL SCOTT BERG
Plaintiff, *Pro Se*
32 Sherman Road
Milton, New York 12547

**FOR THE DEFENDANT:**

HODGSON, RUSS LAW FIRM       CHRISTIAN J. SOLLER, ESQ.
677 Broadway, Suite 301
Albany, New York 12207

**Gary L. Sharpe
U.S. District Judge**

## Order

    Pending under Rule 60(b) of the Federal Rules of Civil Procedure is

*pro se* plaintiff Darrell Scott Berg's motion for relief from this court's

judgment dismissing his complaint and awarding Yellow attorney's fees in the amount of $10,000.00.  *See Dkt. Nos. 14, 21, 23.*  For the following reasons, Berg's motion is denied.

Rule 60(b) provides, in relevant part, that "the court may relieve a party...from a final judgment, order or proceeding for...reasons [of]:...(2) newly discovered evidence which by due diligence could not have been discovered in time... [or] (3) fraud...misrepresentation, or other misconduct of an adverse party ...."  FED. R. CIV. P. 60(b).  A Rule 60(b) motion "shall be made within a reasonable time, and for reasons...(2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Rule 60(b) "allows extraordinary judicial relief."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citation omitted).  "A [Rule 60(b)] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  The court must balance a party's interest in pursuing the merits of its claims against society's interest in finality.  *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).  Rule 60(b) is properly used to achieve "substantial justice...yet final

judgments should not be lightly reopened." *Nemaizer*, 793 F.2d at 61. "An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief...nor does the failure to marshal all known facts in opposition to a summary judgment motion[.]" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (citation omitted). Thus, a party may not use Rule 60(b) to relitigate the merits of his claim. *See Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

The decision whether to grant a motion to vacate is within the "sound discretion" of the district court, *see Nemaizer*, 793 F.2d at 61, and the party seeking relief has the burden of proof. *See Teamsters*, 247 F.3d at 391. Finally, a Rule 60(b) motion is not a substitute for an appeal. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 & n.7 (1978); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995).

Here, Berg has failed to satisfy the basic requirements for Rule 60(b) relief. Berg's motion is nothing more than an attempt to relitigate the merits of his original claims. His arguments have already been presented to and rejected by the court. Having considered Berg's tax claims, the court has already deemed them frivolous and imposed sanctions. As such, it will not

now entertain his renewed argument for a second time.  Berg may use this motion neither as an opportunity to reargue his original points, nor as a surrogate for an appeal.  Accordingly, Berg has failed to establish that he is entitled to relief under Rule 60(b), and his motion to vacate is **DENIED.**

**WHEREFORE**, it is hereby

**ORDERED** that Berg's motion to vacate the court's judgment (*Dkt. No. 23*) is **DENIED**; and it is further

**ORDERED** that the clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

May 8, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge